# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

VERRILYN FRAZIER, )
)
Plaintiff, )
)
v. )
) Case No. 4:26-cv-00012-RK
)
ALLSTATE NORTH AMERICAN )
INSURANCE COMPANY, )
)
Defendant. )

## ORDER

This is an insurance coverage action arising from alleged storm damage to residential property located in St. Louis, Missouri.  Before the Court is Defendant's motion to transfer this case to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a).  (Doc. 20.)  The motion is fully briefed.  (Docs. 21, 22, 28.)  After careful consideration and review, the Court **ORDERS** that Defendant's motion to transfer venue is **DENIED**.

### Discussion

Plaintiff Verrilyn Frazier filed this action in the Circuit Court of Jackson County, Missouri, on December 4, 2025.  Plaintiff's amended complaint asserts claims for breach of contract and vexatious refusal to pay arising from alleged storm damage to her residential property located in St. Louis, Missouri.  (Doc. 16 at 1-9.)  On January 8, 2026, Defendant Allstate Northern American Insurance Company ("Allstate") removed the action to the Western District of Missouri.

On March 10, 2026, Allstate filed a motion to transfer venue to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a).  (Doc. 20.)  In support, Allstate argues that the property, Plaintiff, and likely witnesses are located in or near St. Louis.  (Doc. 21 at 5-7.)  Plaintiff opposes transfer, emphasizing her choice of forum, the procedural progress made in this Court, and Allstate's failure to identify specific witnesses by name.  (Doc. 22 at 1-6.)

Transfer of venue under § 1404(a) is committed to the Court's discretion.  *See Everett v. St. Ansgar Hosp.*, 974 F.2d 77, 79 (8th Cir. 1992).  The party seeking transfer bears the burden of showing that it is warranted.  *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The parties do not dispute, and the Court agrees, that this action could have been brought in the Eastern District of Missouri. Thus, the threshold inquiry under § 1404(a) is met; the remaining issue is whether transfer is warranted.

In deciding whether to transfer venue under § 1404(a), the Court considers "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l*, 119 F.3d at 691. Ultimately, "district courts should weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). The purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26-27 (1960)).

Section 1404(a) provides for transfer to a more convenient forum, not one that is merely equally convenient. *Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 261 (W.D. Mo. 1980). Accordingly, "[w]here the balance of relevant factors is equal or only slightly in favor of the movant, the motion to transfer should be denied." *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985).

## I. Balance of Conveniences

Allstate argues that the Eastern District of Missouri is a more convenient forum because the events occurred in St. Louis and it anticipates that witnesses will be located there. In balancing the conveniences of parties and witnesses, the Court weighs "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Terra Int'l*, 119 F.3d at 696. Because Missouri law would govern in either forum, the substantive-law factor does not weigh for or against transfer. The Court addresses the rest of the factors below.

2

Allstate is an Illinois corporation with its principal place of business in Northbrook, Illinois.[1] (Doc. 1 at 2.) Northbrook is not particularly close to either forum, but Allstate does not identify any specific burden it would face litigating in this District rather than the Eastern District. Instead, Allstate relies primarily on Plaintiff's residence in the Eastern District to show that the Eastern District would be more convenient for the parties. (Doc. 28 at 4.) While Plaintiff is domiciled in St. Louis County, she chose to file in Jackson County and she opposes transfer. The Court is not persuaded that Plaintiff's residence, standing alone, establishes that the Eastern District is more convenient for the parties. *See Johnson v. State Farm Fire & Cas. Co.*, No. 26-00001-CV-W-LMC, 2026 WL 622854, at *2 (W.D. Mo. Mar. 5, 2026) (finding party convenience neutral where the defendant relied on the plaintiff's residence in the proposed transferee forum—the Eastern District of Missouri—but did not show that litigating in the Western District of Missouri would impose any particular burden on the defendant). Nor does the location of Plaintiff's counsel change the analysis. *See Am. Standard*, 487 F. Supp. at 262 (counsel's location is entitled little weight). Accordingly, this factor is neutral.

The convenience of witnesses is the primary factor in the § 1404(a) analysis. *Houk*, 613 F. Supp. at 928. This factor turns not merely on the number of witnesses located in or near the respective forums, but also on the nature and quality of their testimony in relation to the issues in the case. *Id.* Accordingly, the movant must clearly specify the key witnesses and generally state what their testimony will cover. *Am. Standard*, 487 F. Supp. at 263; *see also Boilermaker-Blacksmith Nat'l Pension Tr. v. Ironhead Marine, Inc.*, No. 5:21-CV-06008-DGK, 2021 WL 2763174, at *3 (W.D. Mo. July 1, 2021).

The Court recognizes the practical force of Allstate's argument—because this case concerns alleged damage to real property in St. Louis and resulting policy coverage, some witnesses may be located in or near the Eastern District, and that forum would likely be more convenient for those witnesses. Plaintiff also has not identified any potential witness located in the Western District whose convenience would be served by retaining the case here; thus, the record reflects no competing Western District witness-convenience interest. However, Allstate identifies only categories of potential witnesses, including Plaintiff, Plaintiff's neighbors, and contractors. Allstate does not identify specific non-party individuals or generally state what their

---

[1] The Court takes judicial notice that Northbrook, Illinois, is a northern suburb of Chicago.

testimony would cover.  Without that information, the Court cannot determine how much weight the assumed convenience of those unidentified witnesses should carry in the witness-convenience analysis.  *See Johnson*, 2026 WL 622854, at *2 (finding this factor only minimally supported transfer because while the Court could "assume that some nonparty witnesses are likely to be located where the incident occurred, it is unclear . . . how many witnesses are impacted and the nature and quality of their testimony").

The same problem applies to compulsory process.  Federal district courts have the absolute power to compel attendance of a trial, hearing, or deposition, *inter alia*, "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(1)(A).  Thus, Allstate argues that, to the extent non-party witnesses are located in or near St. Louis, the Eastern District would be better positioned to compel their attendance at trial.  (Doc. 21 at 6; Doc. 28 at 4-5.)  But Allstate has not identified any non-party witness who would be unwilling to testify or whose attendance would need to be compelled.  *See Chamberlain Grp., Inc. v. Overhead Door Corp.*, No. 2:21-CV-00084-JRG, 2021 WL 12311045, at *3 (E.D. Tex. Sept. 10, 2021) (declining to speculate that unidentified non-party witnesses near the proposed transferee forum were likely to possess relevant information and remain outside the court's subpoena power). Nor has Allstate shown that deposition testimony would be inadequate.  Thus, while Rule 45 may lend the Eastern District some procedural advantage, Allstate has not shown that the advantage is material on this record.

Without more, the Court would have to speculate about the nature and quality of the unidentified witnesses' expected testimony in relation to the issues in the case before assigning weight to their assumed convenience.  The Court declines to do so.  Nor will the Court assume that those witnesses would be unwilling to appear or that deposition testimony would be inadequate. Thus, the witness-convenience factor does not favor transfer.

Finally, as to access-to-proof and location of the complained conduct, Allstate's arguments largely overlap.  As to records and documents, Allstate acknowledges that a substantial amount of evidence will consist of documents and electronic records and it has not shown that any documentary evidence would be more difficult to access in this District.  *See Am. Standard*, 487 F. Supp. at 264 ("[B]ecause usually many records, or copies thereof, are easily transported, their location is not entitled to great weight.").  And, although the property is located in St. Louis and may be relevant physical evidence, Allstate has not shown that the forum affects the parties' ability

to inspect, photograph, evaluate, or otherwise use the property as proof. The Court finds that these factors do not weigh in favor of transfer.

Allstate has failed to establish that the Eastern District is materially more convenient so as to warrant transfer.

## II. Interest of Justice

The interest-of-justice inquiry considers judicial economy, the plaintiff's choice of forum, comparative costs to the parties, enforceability of a judgment, obstacles to a fair trial, conflict-of-law issues, and the advantages of having a local court determine questions of local law. *Terra Int'l*, 119 F.3d at 696. The parties only dispute whether judicial economy, Plaintiff's choice of forum, and delay or prejudice warrant transfer. The Court finds the undisputed factors neutral.

Allstate has not shown that transfer would conserve judicial resources through related litigation, consolidation, overlapping proceedings, or some other case-management efficiency. Because transfer would do little more than shift the litigation from one federal court to another without producing any identifiable efficiency, the Court finds that the judicial economy factor does not meaningfully favor either forum.

In general, a plaintiff's choice of forum will not be disturbed. *Terra Int'l*, 119 F.3d at 695. However, a plaintiff's "choice of forum is given less deference when the plaintiff does not reside in the chosen forum, or when the transaction or underlying facts did not occur in the chosen forum." *Caricato v. Nissan N.A., Inc.*, No. 4:20-CV-01007-NKL, 2021 WL 5044867, at *2 (W.D. Mo. June 1, 2021) (quoting *Bruce's Wrecker Serv., Inc. v. Auto. Club of Mo.*, 2009 WL 10704968, at *1 (W.D. Mo. Apr. 10, 2009)). Plaintiff does not reside in the Western District, and the alleged loss occurred in St. Louis. Thus, Plaintiff's choice receives less deference than it otherwise might. Still, this factor weighs against transfer, especially given the geographical proximity of the forums.

Plaintiff argues that transfer would cause delay and prejudice because the parties have completed a Rule 26(f) conference, submitted a proposed scheduling order, selected a mediator, and scheduled mediation. (Doc. 22 at 1-4.) Although a scheduling order has been entered, no depositions have been taken, no substantive discovery has been completed, and according to certificates of service filed by the parties, no written discovery has been served under the Federal Rules. (Doc. 28 at 6-7; Doc. 29.) The Court is not persuaded that the preliminary case-management steps show prejudice from transfer. Thus, this factor is neutral.

Taken together, Allstate has not shown that the Eastern District is materially more convenient than this District or that transfer weighs in favor of the interest of justice. Although the alleged loss occurred in the Eastern District, the rest of Allstate's arguments concerning convenience are too generalized to carry substantial weight and are insufficient to warrant transfer. *See Houk*, 613 F. Supp. at 927 ("Where the balance of relevant factors is equal or only slightly in favor of the movant, the motion to transfer should be denied.").

## Conclusion

After careful consideration and review and for the reasons stated above, the Court **ORDERS** that Allstate's motion to transfer venue, (Doc. 20), is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 20, 2026